FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BENITO CERVANTES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOREMOST INSURANCE COMPANY, a foreign insurer,<br><br>Defendant. | No. 1:15-CV-03172-SMJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

## I.  INTRODUCTION

Before the Court is Plaintiff Benito Cervantes' Motion for Partial Summary Judgment, **ECF No. 7**, and Defendant Foremost Insurance Company's (hereinafter "Foremost") Cross-Motion for Summary Judgment**, ECF No.10.**  The Court, having reviewed the pleadings and file in this matter, is fully informed and for the reasons discussed below **DENIES** Plaintiff's Partial Summary Judgment Motion **ECF No. 7,** and **GRANTS**, DEFENDANT'S Cross-Motion for Summary Judgment, **ECF, No. 10.**

## II.  BACKGROUND

**A.  Factual History[1]**

---

[1] In ruling on the motion for summary judgment, the Court has considered the facts and all reasonable inferences therefrom as contained in the submitted affidavits, declarations, exhibits, and depositions, in the light most favorable to the party opposing the motion. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

ORDER **-** 1

Foremost Insurance Company, Grand Rapids, Michigan (hereinafter "Foremost") issued Plaintiff Benito Cervantes (hereinafter "Plaintiff") a Commercial Mobile Home Policy, policy no. 444-0019276305, effective November 21, 2014.  The policy insured a mobile home owned by Plaintiff located at 7610 West Knob Hill Boulevard, #143, Yakima, WA 98909.  The Foremost policy provides coverage for "direct, sudden, and accidental loss."  ECF No. 7-1 at Exhibit A.  The mobile home at issue was occupied by persons other than Plaintiff.  Shortly before a visit in mid-February, 2015, Plaintiff was informed of possible water damage to the property.  ECF No. 7-1.  When he visited in mid-February, Plaintiff discovered substantial damage, including water damage.  Id.  Plaintiff promptly informed Foremost, who assigned an adjuster (Lawrence Argento) to evaluate the claim.  Id.  Mr. Argento discussed the damage with Plaintiff who admitted not knowing how long the leak had been occurring.  ECF 12 at 2.  Foremost contracted with American Leak Detection (hereinafter "ALD") specializing in water leak assessments.  ALD determined that multiple water leaks causing the damage to the bottom of the cabinets in both bathrooms and kitchen had a duration of up to one year.  ECF 12-4 at 3.  Plaintiff has not presented an expert opinion refuting ALD's assessment.  As a result, on April 7, 2015, Foremost denied the claim for coverage indicating that their investigation determined that the water damage was a result of "…wear and tear, neglect, and

long term exposure to water moisture." ECF No. 1-2 at Attachment A. On July 20, 2015, Plaintiff requested Foremost to reconsider. In a letter dated July 27, 2015, Foremost stood by its original denial of coverage. Plaintiff then filed suit.

**B.     Procedural History**

Plaintiffs filed the Complaint on August 17, 2015 in the Superior Court of Washington for Yakima County, which was assigned case number 15-2-02319-4. Foremost was served a copy of the Summons and Complaint on September 8, 2015. Foremost filed a timely Notice of Removal on September 28, 2015, under 28 U.S.C. §1446.

On November 10, 2015, Plaintiff filed a Motion for Partial Summary Judgment, asking the court to find as a matter of law, that the words "sudden" and the phrase "sudden and accidental" as used in the Foremost policy at issue means "unforeseen and unexpected from the perspective of the insured." Further, it requests that the Court find that Foremost breached its contract for insurance by denying Plaintiff's claim for damages.

On December 3, 2015, Foremost submitted a Response to Plaintiff's Motion for Partial Summary Judgment along with a Cross-Motion for Summary Judgment regarding Plaintiff's contractual and extra-contractual claims. Foremost argues that it denied coverage for Plaintiff's claim due to the fact that the damage at issue was the result of long-term and continuous water leakage and seepage.

ORDER - 3

Foremost argues that the policy provides coverage only for "direct, sudden, and accidental loss." Foremost indicates that the uncontroverted report from an independent leak specialist, ALD, establishes that the loss at issue was not sudden. Rather, they indicate, the loss was the result of long-term, continuous water leakage and seepage in the subject property. As such, Foremost argues that the denial of coverage was proper. Moreover, Foremost asks the Court to issue an order denying Plaintiffs request for partial summary judgment and in turn, grant Foremost's motion for summary judgment.

### III.   MOTIONS FOR SUMMARY JUDGMENT.

#### A.   Legal Standard

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. Id. at 322. "When the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he

nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted) (emphasis in original). When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 255 (1986). When considering the summary judgment motion, the Court 1) took as true all undisputed facts; 2) viewed all evidence and drew all justifiable inferences therefrom in non-moving party's favor; 3) did not weigh the evidence or assess credibility; and 4) did not accept assertions made that were flatly contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B. Insurance Policy Language

In Washington, insurance policies are construed as contracts. *Findlay v. United Pac. Ins. Co.*, 129 Wn.2d 368, 378, 917 P.2d 116 (1996). The interpretation of insurance policy language is a question of law. *See Roller v. Stonewall Ins. Co.,* 115 Wash.2d 679, 682, 801 P.2d 207 (1990). An insurer has the burden of proving that a claim falls within the scope of an exclusion. *Queen City Farms v. Central Nat'l Ins. Co. of Omaha,* 126 Wash.2d 50, 65, 891 P.2d 718

ORDER **-** 5

(1995).  "Exclusionary clauses in insurance policies are strictly construed against the insurer." *Stouffer & Knight v. Cont'l Cas. Co.*, 96 Wash.App. 741, 747, 982 P.2d 105 (1999).  The Court must construe an insurance policy as a whole, giving full force and effect to each clause. *Overton v.. Consol. Ins. Co.,* 145 Wn.2d 417, 424, 38 P.3d 322 (2002).  Where policy language remains clear and unambiguous, the Court will enforce the provisions as written and not modify the policy or create ambiguity where none exists. *Pub. Util. Dist. No. 1 v. Int'l Ins. Co.,* 124 Wn.2d 789, 797, 881 P.2d 1020 (1994).  Ambiguity exists if the policy is susceptible to more than one reasonable interpretation. *Transcon. Ins. Co. v. Wash. Pub. Util. Dists'. Util. Sys.*, 111 Wn.2d 452, 456-57, 760 P.2d 337 (1988). An ambiguous provision must be construed in favor of the insured. *Transcon.*, 111 Wn.2d at 457.  The definition of terms at issue must be decided according to Washington law.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).  If a term is left undefined, it is given the plain and ordinary meaning found in a Standard English dictionary. *Overton v.. Consol. Ins. Co.,* 145 Wn.2d 417, 428 (2002).  A policy should be interpreted in a way that gives effect to each provision. *McDonald v. State Farm Fire & Cas. Co.,* 119 Wash.2d 724, 734, 837 P.2d 1000 (1992).

    **C.**    **Breach of Contract**

ORDER **-** 6

In order for a party to present a claim for breach of contract, the party must establish the following elements. A plaintiff in a contract action must prove a valid contract between the parties, breach, and resulting damage. *Lehrer v. State, Dept. of Social and Health Services,* 101 Wn.App. 509, 516, 5 P.3d 722 (2000) citing *Northwest Independent Forest Mfrs. V. Department of Labor & Indus.*, 78 Wn.App. 707, 712, 899 P.2d 6 (1995).

In the context of an insurance claim, the insured bears the initial burden of proof in establishing that the loss is covered. Only if the insured meets this burden of proof in establishing that a claim is potentially covered, does the burden shift to the insurer to establish a controlling exclusion or limitation. *McDonald*, *supra* at 731. *Overton*, *supra* at 431-432.

**D.    Discussion**

Plaintiff presents an unpersuasive argument that the language "sudden" and the phrase "sudden and accidental" as used in the Foremost policy, means "unforeseen and unexpected from the perspective of the insured." Since these terms are not defined under the Foremost policy, the Court must determine their definition in the context of Washington Law and their plain and ordinary meaning in the context of the policy itself.

Plaintiff contends that pursuant to *Queen City Farms*, the term "sudden" can be construed as "unforeseen and unexpected" from Plaintiff's perspective.

*Queens City Farms* is distinguishable from the present case. First, the Supreme Court defined "sudden" and "unexpected" in the context of CGL policies containing the qualified pollution exclusion. *Queen City Farms, Inc. v. Central Nat'l Ins. Co.*, 126 Wash.2d 50, 91 (1994). Further the Court indicated

> …reading "sudden" as having a temporal meaning, like beginning abruptly, or occurring over a short period of time, or instantaneous, also leads to problems in construing the language. In each of the exclusions there are words suggesting a gradual release or discharge, i.e., "leakage" and "seepage". It does not make sense to speak of an abrupt, instantaneous seepage or leakage, nor of seepage or leakage occurring over a short period of time.

*Queen City* Farms, 126 Wn.2d at 95. The term "sudden" was not used in the same way in the Foremost policy. Second, the insurance policies at issue in *Queen City Farms* were third-party commercial general liability and excess policies; not first-party property policies. Finally, the term "sudden" in the context of the Foremost policy is clear and unambiguous. Pursuant to the Merriam-Webster dictionary, sudden is defined as happening or coming unexpectedly; marked by or manifesting abruptness or haste; and made or brought about in a short time. Merriam-Webster's Online Dictionary, April 19, 2016. The Court cannot find a reasonable alternative meaning to the word "sudden" than its plain meaning in the context of this policy. Moreover, the loss at issue was caused by the slow and continuous leaking of water that continued for a period of up to a year. That is not "sudden". The damage to Plaintiff's property did not abruptly manifest nor was it

ORDER - 8

brought about in a short time. It cannot be said that the damage was "sudden." Thus, applying their plain and ordinary meaning, "sudden" and "sudden and accidental" cannot mean from the perspective of the insurer in the context of this particular policy.

## III. CONCLUSION.

The policy of insurance issued by Foremost to Plaintiff does not provide any coverage for Plaintiff's claim or the loss or losses that comprise the subject matter of this lawsuit. Likewise, Foremost did not breach the policy of insurance issued by Foremost to Plaintiff. Plaintiff has failed to establish any genuine issue of material fact relating to the elements of his cause of action for violation of the Washington Insurance Fair Conduct Act, RCW 48.30.015. Further, Plaintiff is not entitled to recovery of attorneys' fees, expert witness fees, costs, or interest.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Partial Summary Judgment, **ECF No. 7, is DENIED.**

2. Defendant Foremost's Cross-Motion for Summary Judgment, **ECF No. 10, is GRANTED**.

3. All pending motions are DENIED AS MOOT.

4. All pending deadlines and hearings are STRICKEN.

5. The Clerk's Office shall CLOSE this file.

1  //

2  //

3  **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of April 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge